Barlotta v American Honda Motor Co., Inc. (2026 NY Slip Op 01121)

Barlotta v American Honda Motor Co., Inc.

2026 NY Slip Op 01121

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 190020/21|Appeal No. 5943|Case No. 2024-07922|

[*1]Thomas Barlotta et al., Plaintiffs-Respondents,
vAmerican Honda Motor Co., Inc. (AHM), Defendant-Appellant, A.O. Smith Water Products Co. et al., Defendants.

Segal McCambridge Singer & Mahoney, LTD, New York (Heather Janis Gaw of counsel), for appellant.
Weitz and Luxenburg, P.C., New York (Meredith Abrams of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered November 22, 2024, which denied the motion of defendant American Honda Motor Co., Inc. (AHM) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
AHM failed to "unequivocally establish that its product could not have contributed to the causation of" decedent's injury (Matter of New York City Asbestos Litig., 122 AD3d 520, 521 [1st Dept 2014]). AHM does not dispute that its vehicles were equipped with asbestos-containing brakes during the period decedent alleged he was exposed. Moreover, and as Supreme Court correctly found, AHM cherry-picked and mischaracterized portions of plaintiff Thomas Barlotta's testimony in support of its motion, which was insufficient to satisfy its burden.
Even if AHM established its prima facie case, plaintiff Barlotta's testimony and decedent's interrogatory responses raised a triable issue of fact as to whether decedent was exposed to asbestos through his contact with defendant's vehicles (see Carboni v Alfa Romeo USA, 223 AD3d 585, 586 [1st Dept 2024]). Barlotta testified that while he primarily pumped gas, there were days in which he was in the shop and assisted decedent with "brake jobs" and witnessed decedent working on Hondas "replacing brake components."
We have considered AHM's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026